OPINION *Page 2 
{¶ 1} This appeal involves the trial court's denial of appellant Harold R. Burke's motion for pre-judgment interest on his jury award against his insurer, appellee, Auto-Owners Insurance Company, pursuant to the terms of his underinsured motorist coverage.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The case was brought by appellant against his own insurance company. Appellant had been involved in a serious vehicle/pedestrian motor vehicle collision on January 5, 2007[1] .
 {¶ 3} Appellant settled with the tortfeasor's insurance company for the policy limits of $50,000. He was unable to reach a resolution with his own insurance company relative to his underinsurance claim. Accordingly, a lawsuit was filed in the Stark County Court of Common Pleas on October 1, 2007. The matter was unable to be resolved and the case went to trial on September 4, 2008. A jury returned a verdict on September 5, 2008, in the amount of $150,000. Because appellant had previously received $50,000 in settlement with the tortfeasor, the Court offset $50,000 from the verdict amount of $150,000 and entered judgment against appellee and in favor of appellant in the amount of $100,000, together with the costs of the prosecution of the case.
 {¶ 4} Appellant filed a motion for prejudgment interest. The Court entered a judgment entry on October 14, 2008, denying appellant's motion for prejudgment interest. In denying that motion, the trial court held that appellant was not entitled to *Page 3 
prejudgment interest because appellee made a good faith effort to settle the case under R.C. 1343.03(C).
 {¶ 5} Appellant has timely appealed, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT INCORRECTLY APPLIED R.C. § 1343.03(C) `GOOD FAITH EFFORT TO SETTLE' TEST IN DETERMINING WHETHER TO AWARD PREJUDGMENT INTEREST IN THIS UNINSURED/UNDERINSURED CASE."
 I. {¶ 7} In his sole assignment of error, appellant asserts that the trial court erred in not awarding prejudgment interest against appellee. We agree.
 {¶ 8} An appellate court's review of a trial court's award of prejudgment interest is governed by an abuse of discretion standard.Landis v. Grange Mut. Ins. Co., 82 Ohio St. 3d 339, 1998-Ohio-387. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St. 3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} The Ohio Supreme Court addressed the issue of prejudgment interest in Landis v. Grange Mut. Ins. Co., 82 Ohio St. 3d 339,1998-Ohio-387. Landis involved a claim for underinsured motorist's coverage. Id. at 339, 695 N.E. 2d 1140. Plaintiffs' claim was submitted to arbitration and plaintiffs received an award of $1,300,000. Id. Thereafter, plaintiffs sought recovery of prejudgment interest. On appeal to the Ohio Supreme Court, the Court first determined that plaintiffs were entitled to recover prejudgment interest under R.C. 1343.03(A). Id. at 341, 695 N.E.2d 1140. First, the Court noted that a claim for UM/UIM benefits is a contract claim, not a tort claim. Thus, *Page 4 
an insured can recover prejudgment interest, under R.C. 1343.03(A), the statute governing interest on contracts, book accounts and judgments. Id. at 341, 695 N.E. 2d 1140. Accordingly, lack of a good faith effort to settle a case is not a predicate to an award of prejudgment interest under R.C. 1343.03(A). Id.; See also, Sheafer v. Westfield Ins.Co., Holmes App. No. 02 CA 14, 2003-Ohio-4810; Jewett v. Owners Ins.Co., Licking App. No. 01 CA 38, 2002-Ohio-1282.
 {¶ 10} In determining the date from which prejudgment interest should be calculated, the Court held:
 {¶ 11} "Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A), the amount of prejudgment interest due Landis and enter an appropriate order." Id. at 342, 695 N.E. 2d 1140.
 {¶ 12} In the present case, the trial court erred because it was required to award prejudgment interest as a matter of law under R.C. 1343.03(A). A trial court should not consider whether the benefits were denied in good faith. Such a determination" * * * is irrelevant because lack of good faith effort to settle is not a predicate to an award of prejudgment interest pursuant to R.C. 1343.03(A), as it is under R.C. 1343.03(C) ." Landis, supra, at 341, 695 N.E.2d 1140. The trial court did not have discretion to refuse to award prejudgment interest. However, it is within the trial court's discretion to determine from what date prejudgment interest should be calculated. *Page 5 
 {¶ 13} Appellee urges us to find that the failure to award prejudgment interest is consistent with the principles of substantial justice under Civ. R. 61. Appellee argues that the trial court's decision was not an abuse of discretion based upon Justice Cook's dissenting opinion inLandis. However, we find persuasive the Ohio Supreme Court's analysis inMiller v. Gunckle, 96 Ohio St.3d 359, 775 N.E.2d 475, 2002-Ohio-4932 in which the Court found an insurer is liable for an entire award up to the insured's policy limit plus any prejudgment interest awarded on that policy limit:
 {¶ 14} "If we were to adopt appellee's position it would frustrate the policy of encouraging settlement, since there would be little incentive for an insurer to settle a meritorious claim. The insurer in such a situation, knowing that its loss is confined to the insured's policy limit, has less incentive to prevent protracted litigation in which the insured is deprived of the use of the money. Once a lengthy litigation process is complete, the insured is not compensated for the lapse of time between the accrual of the claim and judgment. The insurer would clearly have the benefit of retaining control over, and earning interest on, money due and payable to their insured. We find that such a result would clearly contradict the well-established statutory and common-law basis for prejudgment interest." Id. at ¶ 29.
 {¶ 15} We find that a contrary conclusion, granting the trial court discretion to determine whether an aggrieved party has been fully compensated without prejudgment interest, runs contrary to the clear, mandatory language of R.C. 1343.03(A).
 {¶ 16} For the foregoing reasons, we sustain appellant's assignment of error. We reverse in part the judgment of the Stark County Court of Common Pleas and remand *Page 6 
this matter to the trial court for further proceedings, relating only to the issue of prejudgment interest, consistent with this opinion and the law.
By Gwin, P.J., Edwards, J., and Delaney, J., concur
[1] A Statement of the Facts underlying appellant's original cause of action is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, we sustain appellant's assignment of error. We reverse in part the judgment of the Stark County Court of Common Pleas and remand this matter to the trial court for further proceedings relating only to the issue of prejudgment interest, consistent with this opinion and the law. Costs to appellee. *Page 1