[Cite as *K. Ronald Bailey & Assoc. Co. L.P.A. v. Jeremy*, 2014-Ohio-3273.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

K. Ronald Bailey & Associates
Co. L.P.A.

      Appellant

v.

Dawn R. Jeremy

      Appellee

Court of Appeals No. E-12-081

Trial Court No. CVF-11-1910

**DECISION AND JUDGMENT**

Decided: July 25, 2014

* * * * *

K. Ronald Bailey, for appellant.

Philip S. Heebsh and Justin D. Harris, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} K. Ronald Bailey & Associates Co. L.P.A. ("Bailey") appeals a November 15, 2012 judgment of the Sandusky Municipal Court in an action brought by Bailey against Dawn R. Jeremy, appellee, to secure payment for services rendered to her as her attorney. Appellee is now known as Dawn R. Fields. The case proceeded to a

bench trial in November 2012, and in its judgment the trial court awarded Bailey damages in the amount of $2,536.44 with interest running from the date of judgment.

{¶ 2} In its complaint, Bailey sought an award of $8,286.21 in damages and interest running from June 30, 2011, at a contract rate of 1.5 percent per month.

{¶ 3} Appellant asserts one assignment of error on appeal:

1. The trial court erred by refusing to enforce the terms of the express written contract between the parties, misstating facts, and creating facts not in the record.

{¶ 4} We treat three subject headings under the assignment of error in appellant's brief as outlining the specific issues on which appellant claims trial court error. The assignment of error itself provides little guidance. The subject headings state:

A. The trial court misstates the facts regarding Bailey's work on the foreclosure.

B. The trial court erred in refusing to award Bailey's entire fee for its work on the Civil Protective Order.

C. The trial court misapplied the law and created facts regarding the interest billed and the Fee Agreement in this matter.

{¶ 5} The trial court included findings of fact and conclusions of law in the November 15, 2012 judgment. The court found that appellee entered into an express written contract with Bailey for legal services—a domestic relations fee agreement signed by appellee in February 2010. The contract concerned legal services to be

2.

provided by Bailey in an action for divorce to be filed in the Domestic Relations Division of the Huron County Court of Common Pleas.

{¶ 6} The fee agreement provides for a $4,000 retainer to pay for the first 20 hours of attorney work. Thereafter the agreement provides for an hourly rate of $250 per hour to be charged for work by attorney K. Ronald Bailey, and $75 per hour for work by an associate attorney. Appellee paid the $4,000 retainer.

{¶ 7} In *Jacobs v. Holston*, 70 Ohio App.2d 55, 434 N.E.2d 738 (6th Dist.1980), this court identified the burden of proof in litigation in attorney fee disputes under such a contract. We held:

> Where, prior to employment, the attorney and client have reached an
> agreement as to the hourly rate to be charged and the amount of the
> retaining fee, but the agreement fails to provide for the number of hours to
> be expended by the attorney, in an action for attorney's fees the burden of
> proving that the time was fairly and properly used and the burden of
> showing the reasonableness of the work hours devoted to the case rest on
> the attorney. *Id.* at paragraph three of the syllabus; accord *Reminger &*
> *Reminger Co., L.P.A. v. Fred Siegel Co., L.P.A.*, 8th Dist. Cuyahoga No.
> 77712, 2001 WL 210024, *6 (Mar. 1, 2001).

{¶ 8} The reasonableness of the hours billed and whether the time was fairly and properly used was disputed at trial. To the extent appellant claims that the trial court erred as to matters of fact, our standard of review is limited. Factual challenges to a trial

3.

verdict are considered on appeal under a manifest weight of the evidence standard. There is a "presumption that the findings of the trier-of-fact were indeed correct." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). In *Seasons Coal*, the Ohio Supreme Court further explained:

> [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

> If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment. *Id*. at fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603 at 191-192 (1978).

{¶ 9} The Ohio Supreme Court recognized in *Seasons Coal* that deference to the findings of the trial court in an appeal from a judgment after a bench trial "rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflection and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal* at 80.

{¶ 10} The standard of review of a claim that a verdict is against the manifest weight of the evidence is the same in a civil case as it is in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17:

4.

"'The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Id*. at ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717(1st Dist.1983).

{¶ 11} Fundamental to the analysis is that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 12} Appellant filed the complaint for divorce on March 5, 2010. Appellee testified that the divorce was an uncontested divorce of a four-year marriage without children. Appellant testified that neither her former husband nor his attorney appeared at either of the divorce hearings to contest the divorce. The litigation concluded with the filing of an agreed judgment entry of divorce on August 24, 2010, that was stipulated by appellee and her former spouse.

{¶ 13} At the time appellee retained Bailey as her attorney, Fields told attorney Bailey of abusive behavior by Stephen C. Jeremy (appellee's former spouse) against her.

5.

A criminal misdemeanor charge of domestic violence (charging a violation of R.C. 2919.25(C) and a fourth degree misdemeanor) was filed against Jeremy on February 12, 2010, in Norwalk Municipal Court.

{¶ 14} Bailey filed a petition for a domestic violence civil protection order (CPO), pursuant to R.C. 3113.21, against Jeremy in the Huron County Court of Common Pleas on March 1, 2010. Bailey also filed a motion for a temporary restraining order against Jeremy in the divorce case on March 5, 2010 (at the time of the filing of the complaint for divorce), requesting the domestic relations court issue an order "restraining the parties from annoying, harassing, molesting, or otherwise interfering with the other, or causing others to do so."

{¶ 15} Appellee testified at trial that she questioned attorney Bailey over whether a civil protection order was necessary due to the fact that Mr. Jeremy was placed under a two-year no contact order as part of his sentence on the domestic violence conviction in a judgment filed on March 1, 2010, in Norwalk Municipal Court. Appellee testified that she had requested attorney Bailey to pursue the no contact order route rather than a CPO. Appellee testified that she believed a civil protection order was unnecessary.

{¶ 16} Appellee testified that she worked with the victim's advocate to have the two-year no contact order included in Jeremy's sentence. She and attorney Bailey were both present for the sentencing hearing on March 1, 2010, in Norwalk Municipal Court. The sentencing hearing concluded before the initial ex parte hearing on the civil

6.

protection order proceeded later in the day in the Huron County Court of Common Pleas and before the subsequent full hearing on the CPO proceeded on March 10, 2010.

{¶ 17} Appellee testified that foreclosure proceedings were brought against her house on May 10, 2010. Appellee discussed the cost of legal services with respect to the foreclosure action with attorney Bailey. The trial court found that attorney Bailey told appellee that it would require only one to two hours additional time to answer the foreclosure complaint on her behalf. Appellee testified at trial that she asked that an associate prepare the response and made clear her concerns to limit legal expenses in the case.

{¶ 18} The foreclosure proceeding was ultimately dismissed after appellee personally worked with a caseworker on the mortgage loan, with PNC's (the bank's) lawyers and with her realtor to complete a short sale.

{¶ 19} Exhibit 11 at trial is a November 6, 2012 invoice by Bailey to appellee for legal services totaling $10,394.27. The trial court found in the November 15, 2012 judgment that certain charges on the invoice were unreasonable in the amount of time charged or were for services that were not beneficial to appellee's interests:

> 21. The court finds that Bailey is entitled to attorney fees for work he did for Fields that is reasonable and beneficial to Fields. The amount sued for and stated on Exhibit 11 includes items the court will not award to Bailey. The items to be deducted from that amount include: (1) work done on the foreclosure above what he told her it would cost ($2,700); and

7.

(2) half the amount for work done [on] the TPO and CPO ($1,600). The court finds that the work done on these items was not reasonable or not beneficial to Fields.

{¶ 20} In its judgment, the court also deducted charges totaling $3,557.83 for prejudgment interest.

{¶ 21} The court rendered judgment in favor of Bailey in the amount of $2,536.44 calculated as follows:

| | |
|---|---|
| Amount of November 6, 2012 Invoice | $10,394.27 |
| Less excess charges for foreclosure work | -$2,700.00 |
| Less excess charges for CPO and TRO work | -$1,600.00 |
| Less Prejudgment Interest Charged | -$3,557.83 |
| Damages Awarded | $2,536.44 |

**Claimed Error as to Total Charges for Foreclosure Work**

{¶ 22} Appellant argues first under assignment of error No. 1 that the trial court mistakenly found that appellee had been billed $3,200 for attorney work on the foreclosure. Paragraph 17 of the judgment reads:

17. Fields was told by Bailey that work on the foreclosure matter would take 1-2 hours which would translate into $500 based on his hourly rate rather than his associate's rate. Fields testified that the bill for work on this matter totaled $3,200.

8.

**{¶ 23}** The parties agree that appellee testified that she was billed $1,200 for foreclosure work, not $3,200. At paragraph 21 of the judgment, the court stated that it was reducing the amount owed for foreclosure work by $2,700 to limit attorney fee charges to what Fields had been told the work would cost; that is, to $500 (paragraph 17 of judgment).

**{¶ 24}** Accordingly, it is undisputed that the trial court erred by reducing total fee charges by $2,700. As only $1,200 was charged for foreclosure work, only a reduction of $700 was required.

**{¶ 25}** Accordingly, we find assignment of error No. 1 well-taken, in part. We order the damage award to appellant increased by $2,000 to the total sum of $4,536.44.

### Billing for CPO

**{¶ 26}** Appellant argues next that the trial court erred by refusing to award appellant its entire fee for work on the CPO. In making this argument, appellant reargues a factual dispute resolved in the trial court judgment—whether the time spent on the civil protection order was reasonable or appropriate to protect appellee's interests. The trial court ruled it was not and ordered the billing for the CPO reduced in half.

**{¶ 27}** We have reviewed the entire record including the trial transcripts and exhibits in evidence and conclude that there has been no miscarriage of justice in the trial court's judgment limiting attorney fees for CPO and TRO work to $1,600. There is competent, credible evidence in the record supporting the trial court's conclusion that

9.

appellant failed to demonstrate that the time spent on the CPO was reasonable and appropriate work to meet appellee's needs.

{¶ 28} Accordingly, we find appellant's arguments concerning reduction of damages awarded for work performed on the CPO to be without merit.

**Prejudgment Contract Interest**

{¶ 29} Appellant next argues that the trial court erred with respect to interest awarded on the judgment. Appellant argues that the trial court erred in failing to order appellee to pay interest on the judgment in the amount of 1.5 percent per month as provided in the fee agreement. Appellant argues that the trial court should have required payment of the prejudgment interest on balances owing beginning on June 30, 2011.

{¶ 30} Appellee argues that it was in the trial court's discretion to deny prejudgment interest in this case. We disagree. Where R.C. 1343.03 applies, a trial court does not have discretion to refuse to award prejudgment interest. *Tejeda v. Toledo Surgeons, Inc.*, 186 Ohio App.3d 465, 2009-Ohio-3495, 928 N.E.2d 1138, ¶ 49 (6th Dist.); *Kott Enterprises, Inc. v. Brady*, 6th Dist. Lucas No. L-03-1342, 2004-Ohio-7160, ¶ 73.

{¶ 31} R.C. 1343.03(A) provides:

> (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into,

10.

and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.* Notification of the interest rate per annum shall be provided pursuant to sections 319.19, 1901.313, 1907.202, 2303.25, and 5703.47 of the Revised Code. (Emphasis added.)

**{¶ 32}** We conclude that the trial court erred in failing to enter judgment for prejudgment interest at the contract rate of 1.5 percent per month. While the award of prejudgment interest is required, remand is necessary for the trial court to determine when the debt became due and payable and to calculate the amount of interest due:

> While the award of prejudgment interest is required by law, the trial court must determine when the debt became due and payable and calculate the amount of interest due. *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998). While these determinations are factual in nature, *Dwyer Elec., Inc. v. Confederated Builders, Inc.*, 3d Dist. Crawford No. 3-98-18, 1998 WL 767442, *4 (Oct. 29, 1998), they are within the trial court's discretion. *Persello v. Allstate Ins. Co.*, 7th Dist. Mahoning No. 10 MA 18, 2011-Ohio-3230, ¶ 19; *Burke v. Auto-Owners*

11.

*Ins. Co.*, 5th Dist. Stark No.2008-CA-00258, 2009-Ohio-429, ¶ 12; *Hance v. Allstate Ins. Co.*, 12th Dist. Clermont No. CA2008-10-094, 2009-Ohio-2809, ¶ 19; *Norfolk S. RR. Co. v. Toledo Edison Co.*, 6th Dist. No. L-06-1268, 2008-Ohio-1572, ¶ 80*; Martin v. Cincinnati Ins. Co.*, 3d Dist. Logan No. 8-98-31, 1999 WL 378401, *4 (May 14, 1999); and *Dwyer Elec. Wakeman Eagles Aerie No. 4354, Inc. v. Seitz*, 6th Dist. No. H-13-017, 2014-Ohio-1007, ¶ 4.

**{¶ 33}** We conclude that the trial court erred in denying an award of prejudgment interest under R.C. 1343.03(A) at the contract rate of 1.5 percent per month and order the case remanded to the trial court to determine when the debt became due and payable and to calculate the amount of interest due.

**{¶ 34}** We find appellant's assignment of error well-taken, in part.

**{¶ 35}** We modify the judgment of the Sandusky Municipal Court to increase the award damages to appellant to the total sum of $4,536.44 and to include an award prejudgment interest at the rate of 1.5 percent per month on the judgment.

**{¶ 36}** We remand this action to the Sandusky Municipal Court to determine when the debt became due and payable for purposes of when interest begins to run and also to calculate the amount of interest due under the judgment. In all other respects, we affirm the trial court's judgment. We order appellee to pay the costs, pursuant to App.R.24.

Judgment modified, in part,
and affirmed, in part.

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                            JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.          _____
CONCUR.                                                     JUDGE


                                   _____
                                                            JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.