[Cite as *Wasserman, Bryan, Landry & Honold, L.L.P. v. Ergur*, 2018-Ohio-5196.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Wasserman, Bryan, Landry & Honold, LLP      Court of Appeals No. L-17-1059

     Appellee      Trial Court No. CVF-15-19196

v.

Koray Ergur      **DECISION AND JUDGMENT**

     Appellant      Decided: December 21, 2018

* * * * *

Jean Ann S. Sieler and Kayla L. Henderson, for appellee.

Koray Ergur, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Koray Ergur, appeals the February 21, 2017 judgment of the Toledo Municipal Court. Also before the court is appellant's January 31, 2018 motion to strike appellee's responsive brief. For the reasons which follow, we deny appellant's motion to strike and affirm the judgment of the Toledo Municipal Court.

## Assignments of Error

{¶ 2} Appellant sets forth three assignments of error:

1. The trial court erred in denying appellant's motion for counterclaims and amended answers.

2. The trial court erred in denying appellant's motion to continue trial and to transfer case to the court of common pleas.

3. The trial court erred in awarding judgment in favor of plaintiff/appellee.

## Background

{¶ 3} On February 23, 2012, appellant entered into an hourly fee agreement ("the agreement") with Attorney John Wasserman of the law firm, Wasserman, Bryan, Landry & Honold, LLP., appellee herein, for legal services. The agreement set forth Wasserman would represent appellant "concerning being local counsel in miscellaneous matters." Appellant paid Wasserman a retainer of $2,500. Wasserman provided legal services as well as consultation and advice on various legal matters until early November 2012.

{¶ 4} On December 15, 2015, appellee filed its complaint against appellant in Toledo Municipal Court seeking attorney fees which were due and owing since June 2013. A copy of appellee's client ledger report for appellant, dated December 7, 2015, was attached to the complaint.

{¶ 5} On February 24, 2016, appellant filed an answer, denying all of the allegations in the complaint.

2.

{¶ 6} On August 18, 2016, appellee filed a motion for summary judgment. Attached to the motion were Wasserman's affidavit, a copy of the agreement and a copy of the client ledger report, which listed the fee amounts by date along with the hours expended, as well as a running total of charges and payments.

{¶ 7} On September 2, 2016, appellant filed an opposition to the motion for summary judgment, along with his "affidavit," which was not notarized, and copies of transcripts from Toledo Municipal Court proceedings.

{¶ 8} Appellee's motion for summary judgment was denied on December 21, 2016. The case was scheduled for trial on January 6, 2017, but on January 9, 2017, the matter was rescheduled for trial on February 10, 2017.

{¶ 9} On January 17, 2017, appellant filed a motion to continue the trial date and transfer the case to the court of common pleas. Attached to the motion was a "Cross-claim for Damages and Equitable Relief."[1]

{¶ 10} On January 24, 2017, appellant's motion to continue the trial and transfer the case to the common pleas court was denied, and the court struck appellant's counterclaims.

{¶ 11} A bench trial was held on February 10, 2017. On February 21, 2017, the court issued its judgment granting attorney fees to appellee in the amount of $5,763.42, plus interest at the statutory rate of three percent. Appellant timely appealed.

---

[1]The claims are actually counterclaims, and will be referred to as such in this decision.

3.

**Motion to Strike**

{¶ 12} Appellant seeks to have appellee's brief, filed January 12, 2018, stricken from the record on the grounds that the brief contains at least three material misrepresentations of fact and the brief is a fraud on the court. Appellant relies on Civ.R. 11, which provides "[t]he signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; * * *." Civ.R. 11 further states "[i]f a document * * * is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served."

{¶ 13} In opposition, appellee argues its brief accurately reflects the record and appellant's motion is an attempt to distract from the issues on appeal.

{¶ 14} Upon review, there is nothing in the record which supports a finding that appellee intentionally misrepresented facts in its brief. As such, we find appellee did not violate Civ.R. 11, and there is no basis upon which to strike appellee's brief. Appellant's motion to strike appellee's brief is therefore denied.

**First Assignment of Error**

{¶ 15} Appellant contends the trial court erred in denying his motion for counterclaims and amended answer. Appellant argues that although he was not satisfied with appellee's services, he did not become aware of the unreasonable and fraudulent nature of the hours until appellee filed a detailed accounting with its motion for summary

4.

judgment.  Appellant claims the court did not address his motions on the merits, but instead, denied the motion because he did not properly file a motion for leave to file his counterclaims by amendment, and therefore his "attempted counterclaim was also untimely."  Appellant asserts "there is no evidence of bad faith or undue delay on behalf of Appellant's proposed amended motion."

{¶ 16} Appellee counters the trial court did not abuse its discretion in finding that appellant's counterclaims were improperly, untimely and prejudicially filed when he failed to comply with Civ.R. 12(B) and 13(F).  Appellee observes appellant's answer, which was timely filed, contained no affirmative defenses or counterclaims.  Appellee also notes appellant filed his documents, without leave, less than one month before trial, seeking $5 million.  In addition, appellee argues appellant's proposed counterclaims were compulsory, which must be brought in a responsive pleading.  Appellee submits appellant's claims allege legal malpractice which arose in 2012, and which were known or should have been known to appellant both before and when appellee's complaint was filed.

## Law

{¶ 17} Civ.R. 15(A) provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court shall freely give leave when justice so requires."

5.

When deciding a motion for leave to amend, the trial court considers whether amendment would result in any prejudice to the opposing party; whether the moving party demonstrated operative facts which support the prima facie elements of the proposed claim; and the timeliness of the motion as it relates to the opposing party's ability to defend the claims. *Wells Fargo Bank, N.A. v. Lee*, 2014-Ohio-4514, 20 N.E.3d 1236, ¶ 23 (6th Dist.).

{¶ 18} Where a motion for leave to file an amended pleading is not tendered in a timely manner and there is no apparent reason to justify the delay, a trial court does not abuse its discretion in denying leave to amend. *Vitek v. Wilcox*, 6th Dist. Williams No. WM89 000004, 1990 Ohio App. LEXIS 4897, *21 (Nov. 9, 1990). "An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Schaengold v. Ohio Pub. Emples. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 8.

**Analysis**

{¶ 19} Upon review of the record, there is no evidence which indicates that appellant sought or received appellee's written consent to amend his pleading or sought leave to amend from the trial court. Moreover, although appellant asserts he did not become aware of the unreasonable and fraudulent nature of appellee's hours until the motion for summary judgment was filed, he waited approximately five months to file his counterclaims seeking damages from appellee in excess of $5 million. In addition, the

filing occurred almost one month after the court denied appellee's motion for summary judgment, and less than one month before the scheduled trial. Furthermore, appellant offered no explanation why it took him so long to file his counterclaims.

{¶ 20} Based on the foregoing, the trial court did not abuse its discretion in striking appellant's counterclaims as untimely. Although appellant had ample time after the motion for summary judgment was filed, from mid-August 2016 through mid-January 2017, to seek leave to file an amended pleading, he never sought leave. Rather, appellant filed his counterclaims without leave and with no explanation for the delayed filing. While the rule allows a trial court to grant leave to file an amended pleading in the interest of justice, appellant did not offer any reason, nor is there evidence in the record as to why allowing the counterclaims to be filed would be in the interest of justice. Since appellant did not follow the requirements of Civ.R. 15(A), and his counterclaims were not timely, we find the trial court did not abuse its discretion in not allowing appellant to amend his pleading, and in striking appellant's counterclaims. Accordingly, appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 21} Appellant asserts the trial court erred in denying his motion to continue trial and to transfer the case to the court of common pleas. Appellant contends had the amended answer and counterclaims been allowed, the jurisdiction for the matter clearly exceeded that of the Toledo Municipal Court.

7.

**Analysis**

{¶ 22} Appellant requested a continuance of the trial date and transfer of the case to common pleas court based on the counterclaims he filed concurrent with the motion for continuance. Given our determination of the first assignment or error, appellant's second assignment of error is moot.

**Third Assignment of Error**

{¶ 23} Appellant argues the trial court erred in awarding judgment in favor of appellee because the court prevented appellant from asserting any defenses regarding the reasonableness of the hours spent by appellee. Appellant further submits the court prevented him from "approaching the subject on cross examination of Appellee."

**Law**

{¶ 24} In an action for the collection of attorney fees,

"[w]here, prior to employment, the attorney and client have reached an agreement as to the hourly rate to be charged and the amount of the retaining fee, but the agreement fails to provide for the number of hours to be expended by the attorney, in an action for attorney's fees the burden of proving that the time was fairly and properly used and the burden of showing the reasonableness of the work hours devoted to the case rest on the attorney." (Citation omitted.) *K. Ronald Bailey & Assocs. Co. L.P.A. v. Jeremy*, 6th Dist. Erie No. E-12-081, 2014-Ohio-3273, ¶ 7.

**{¶ 25}** No expert testimony is required to prove the reasonableness of the attorney fees sought where, during the period of representation, the client expressed no dissatisfaction with the legal services rendered or the amount charged, and the attorney kept the client informed of the status of the client's legal matters. *Baker & Hostetler, LLP v. Delay*, 10th Dist. Franklin No. 08AP-1007, 2009-Ohio-2507, ¶ 30. The "[t]estimony of the attorney seeking recovery of fees that the case involves complex issues, that the fees were within a reasonable range for that type of case, and that the client never questioned statements sent to the client constitutes sufficient evidence to establish the reasonableness of the charged fees." *Id.*

**{¶ 26}** "Factual challenges to a trial verdict are considered on appeal under a manifest weight of the evidence standard." *K. Ronald Bailey* at ¶ 8. "There is a 'presumption that the findings of the trier-of-fact were indeed correct.' *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 10 Ohio B. 408, 461 N.E.2d 1273 (1984)." *Id.* Thus, "'every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.'" *Id.*, quoting *Seasons Coal* at fn. 3. "'Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" *Seasons Coal* at 80, quoting *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

## Analysis

{¶ 27} The trial court, in its February 21, 2017 judgment entry, found appellee's attorney fees were fair and reasonable. The court noted Wasserman testified for appellee concerning the relationship between appellee and appellant, which was memorialized in the agreement, Wasserman described the nature of the legal services performed, explained the itemized fees in the billing statements and testified about the complexity of appellant's legal issues. The court observed appellant, in his defense, submitted transcripts of court proceedings, but did not offer contrary evidence, except his own opinion, to show the legal fees were not reasonable. Further, the court found there was no evidence to suggest that when appellee withdrew as counsel in October 2012, appellant "had any objection to the legal fees up to that point. In fact, a subsequent payment of $500 was made by the [appellant] on the account in November of 2012."

{¶ 28} At the attorney-fees hearing, the transcript reveals Wasserman testified about and introduced detailed billings showing the legal services rendered to appellant, and the time expended. Wasserman also testified his hourly billing rate was reasonable. In addition, Wasserman testified about the reasonableness of the hours of work performed for appellant and the complex, complicated nature of appellant's legal issues.

{¶ 29} Appellant was afforded the opportunity to cross-examine Wasserman concerning the reasonableness of the services rendered. However, appellant, who appeared pro se, asked Wasserman very few questions concerning the reasonableness of the services rendered and billed. Rather, appellant attempted to make statements and ask

10.

Wasserman about other topics and issues, such as summary judgment, counterclaim, contractual defenses, ethical obligations, what time the fee agreement was signed, what time the building department closed and if Wasserman had a judge's home address or cell phone number. The trial court deemed these statements and questions inappropriate, irrelevant or argumentative and did not allow them. The court also held appellant in contempt three times and fined him for making statements or asking the same questions numerous times. In addition, the court ordered that appellant be taken to the bullpen for 15 minutes. Overall, the manner in which appellant cross-examined Wasserman was so disorganized, confusing and convoluted that appellant did not effectively challenge the reasonableness of the services appellee rendered and billed.

{¶ 30} Upon review of the record, we find appellee presented evidence summarizing the nature of the work Wasserman performed, the reasonableness of the hours devoted to appellant's legal issues, the hourly rate charged, and the monies appellant paid. We further find appellant did not present evidence, other than his opinion, to contradict the reasonableness of the work performed and amounts billed for that work. We therefore conclude the trial court's judgment is supported by competent, credible evidence, and is not against the manifest weight of the evidence. Accordingly, appellant's third assignment of error is not well-taken.

11.

{¶ 31} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed, and appellant's motion to strike appellee's brief is ordered denied. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                    _____
                                                    JUDGE
Thomas J. Osowik, J.

                                     _____
Christine E. Mayle, P.J.                           JUDGE
CONCUR.

                                     _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.